UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DILLION GAGE** | **CIVIL ACTION** |
| | **NUMBER:  18-990-JWD-RLB** |
| **VERSUS** | |
| | **JUDGE: JOHN DEGRAVELLES** |
| **CANAL BARGE CO., INC, AND** | **MAGISTRATE JUDGE:** |
| **CANAL BARGE INTERNATIONAL, LLC** | **RICHARD L. BOURGEOIS** |
| **Filed** | **Deputy Clerk** |

## JOINT STATUS REPORT

**A. JURISDICTION**

Plaintiff, Dillion Gage, seeks recovery for injuries as a "seaman" under the Jones Act at 46 U.S.C. § 30104 and this Court has jurisdiction pursuant to 28 U.S.C. § 1333.

**B. BRIEF EXPLANATION OF THE CASE**

**Plaintiff Claims:**

Dillion Gage was employed by defendants, Canal Barge Co., Inc. and Canal Barge International, LLC as a barge inspector which required him to inspect and maintain defendants' fleet of barges used for transportation of goods and materials along the Mississippi River and Intercoastal Waterway. On January 23, 2018 Mr. Gage was ordered to assist in manually lifting and moving an outboard motor secured to a pallet from the dock to another location. The load had been previously offloaded from a vessel to the dock by a craned and is estimated to have weighed in the range of approximately 250 to 300 pounds. In the process of making the manual lift. Mr. Gage injured his low back. Mr. Gage recently underwent surgery and has not been released to return to work at this time.

1

**Defendants' Claims**

At all times, Defendant, Canal Barge, Inc., was the employer of plaintiff, Dillon Gage. Gage was a shoreside barge readiness technician who is claiming that on January 23, 2018, he injured his back while assisting in the movement of a small outboard motor from the back of a pickup truck with the assistant of a co-worker. Although plaintiff is alleging that he was a member of the crew of the Canal Barge fleet of barges and a seaman under the Jones Act, it is employer's contention that the plaintiff was a shoreside maritime employee who is a longshoreman and not a Jones Act seaman. Furthermore, Defendant denies that the plaintiff was injured as alleged. However, to the extent that he was injured, the accident occurred in the normal course of his job.

### C. PENDING MOTIONS

Defendants intend to seek leave to file an amended answer asserting a right to trial by jury.

### D. ISSUES

**Plaintiffs:**

a. Whether the lift made by Mr. Gage was unsafe;

b. Whether the vessels owned by defendants were unseaworthy;

c. Whether defendant failed to provide a safe place to work; and

d. The amount of damages and maintenance and cure owed to Mr. Gage.

**Defendants**

Defendant denies that the Plaintiff was a Jones Act seaman. Once preliminary discovery is completed, Defendant anticipates filing a Motion for Summary Judgment seeking a dismissal of Plaintiff's Jones Act claims. To the extent that the Plaintiff is alleging as an alternative remedy a claim under Section 905(b) for vessel negligence, Defendant contends that there was no vessel negligence involved and there is no liability on the part of Defendant.

### E. DAMAGES

**Plaintiff's calculation of damages:**

Mr. Gage seeks recovery of all past and future medical expenses, loss of wages, impaired earning capacity, and general damages though plaintiff is still receiving medical care for his injuries so a final assessment of his damages cannot be made at this time. Mr. Gage has not been returned to work at this time so it is premature to calculate his wage loss though if he is unable to return to work he may retain a vocational rehabilitation consultant and economist/CPA to calculate his wage loss.

**Defendants' calculation of offset and/or plaintiff's damages:**

To the extent plaintiff is allowed any recovery as a "seaman", which is denied, then defendants reserve the right to an offset for any benefits paid pursuant to the LWHCA.

### F. SERVICE

There are no unresolved issues as to service; however, Defendants contend that Canal Barge Company, Inc. is the proper entity and that Canal Barge International, LLC should be dismissed.

### G. DISCOVERY

1. **Initial Disclosures:**

    a. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    ( ) YES    ( x ) NO

    b. Does any party object to initial disclosures?

    ( ) YES    ( X ) NO

    *For any party who answered yes, please explain your reasons for objecting.*

**2. Briefly Describe any discovery that has been completed or is in progress:**

**Plaintiff:**

Mr. Gage is serving written discovery on defendants and will take depositions once all documents have been produced and any witnesses have been identified. Defendants have served discovery on Mr. Gage.

**Defendants:**

Interrogatories and Requests for Production of Documents have been propounded to plaintiff and answers are due on January 17, 2019.

**3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.**

At this time the parties do not anticipate that any protective orders or other limitations on discovery will be sought.

**4. Discovery from experts:**

Identify the subject matter(s) as to which expert testimony will be offered:

By Plaintiff: Mr. Gage intends to call his treating physicians to provide expert testimony concerning their medical condition, history, clinical presentation, physical examination, medical testing, diagnosis, past and future medical treatment, cost of medical treatment, disability, and prognosis. Mr. Gage will also likely retain experts on marine safety and may also retain a vocational rehabilitation consultant and economist/CPA to prove his wage loss if he is unable to return to his former occupations or if it is determined that he will sustain an impairment of earning capacity in the future.

By Defendants: As discovery is just beginning, there have been no experts retained. Defendant, however, anticipates retaining a medical expert and possibly a vocational rehabilitation expert and economist.

**H. PROPOSED SCHEDULING ORDER**

1. Exchanging Initial Disclosures: February 15 2019

2. Joinder of Parties and/or Amendment of Pleadings     March 31, 2019

3. Filing of all discovery motions and completing all discovery except experts     October 31, 2019

4. Disclosure of Expert Witnesses and resumes

    Plaintiff: August 31, 2019

    Defendants: September 30, 2019

5. Exchange of Expert Reports

    Plaintiff: October 31, 2019

    Defendants: November 30, 2019

6. Completion of discovery from experts: January 31, 2020

7. Filing dispositive motions and Daubert motions: January 31, 2020

8. All remaining deadlines; pretrial conference and trial date

    *(Presiding Judge to provide dates)*

**I. TRIAL**

1. Has a demand for trial by jury been made?

    ( ) YES     ( x ) NO

2. Estimate the number of days that trial will require:

    The parties expect that the trial may take 4-5 days

**J. OTHER MATTERS**

5

Are there any specific problems the parties wish to address at the scheduling conference?

( ) YES ( X ) NO

1. If the answer is *yes*, please explain:

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

( X ) YES ( ) NO

K.  **SETTLEMENT**

Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties have not discussed settlement at this time but intend to do so once Mr. Gage's medical treatment is completed.

Do the parties wish to have a settlement conference?

( x ) YES ( ) NO

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial? The parties wish to initiate discovery and take depositions before considering a settlement conference.

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Do all parties agree to jurisdiction by a Magistrate Judge of this court:

( ) YES ( x ) NO

**If your response was "yes" to the preceding question, all attorneys should sign the attached form to indicate your consent.**

Respectfully submitted,

**BATEMAN LAW FIRM**

s/*David L. Bateman*
David L. Bateman (LSBA No. 18781)
J. Michael McDonald (LSBA No. 38340)
6700 Jefferson Highway, Bldg. #3
Baton Rouge, LA   70808
(225) 766-8484 Telephone
(225) 766-8494 Facsimile
Email:  David@batemanlawfirm.com
*Counsel for plaintiff, Dillion Gage*


s/*Edward S. Johnston*
Edward S. Johnston, T.A. (LSBA No. 7289)
Christopher L. Williams (#36086)
Johnson, Yacoubian, & Paysse
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139
Telephone: (504)528-3001
Facsimile: (504)528-3030
*Counsel for defendants,*
*Canal Barge Co., Inc. and*
*Canal Barge International, LLC*